EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**PHILIPS MEDICAL SYSTEMS PUERTO RICO, INC.; PHILIPS MEDICAL SYSTEMS NEDERLAND B.V.; AND PHILIPS INDIA LIMITED** RE: PERMANENT INJUNCTIVE RELIEF PURSUANT TO THE COMPUTER FRAUD

Plaintiffs-Counterclaim Defendants AND ABUSE ACT, 18 U.S.C. §1030, PUERTO RICO'S INDUSTRIAL AND TRADE SECRET v. PROTECTION ACT, 10 P.R. LAWS ANN. §§4131-4141; UNFAIR COMPETITION;

**ALPHA BIOMEDICAL AND DIAGNOSTIC** DIGITAL MILLENNIUM COPYRIGHT ACT, **CORP., COOPERATIVA DE SEGUROS** 17 U.S.C. §1201; COPYRIGHT **MÚLTIPLES DE PUERTO RICO** INFRINGEMENT, 17 U.S.C. §101, *et seq*. AND DEMAND FOR JURY TRIAL

Defendant-Counterclaimant

Civil Action No. 3:19-cv-01488-BJM

## ALPHA'S SUPPLEMENTAL ANSWER TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS[1]

TO: **PHILIPS MEDICAL SYSTEMS PUERTO RICO, INC.; PHILIPS MEDICAL SYSTEMS NEDERLAND B.V.; AND PHILIPS INDIA LIMITED (“Plaintiffs” or “Philips”)**

C/O: **ADSUAR MUÑIZ GOYCO SEDA & PÉREZ-OCHOA, PSC**
P.O. Box 70294
San Juan, Puerto Rico 00936-8294 Eric
Pérez-Ochoa, Esq.
epo@amgprlaw.com
Lourdes Arroyo Portela, Esq.
larroyo@amgprlaw.com
Alexandra Casellas Cabrera, Esq.
acasellas@amgprlaw.com

FROM: **ALPHA BIOMEDICAL AND DIAGNOSTIC CORP.** (“Alpha”)

BY: **REICHARD & ESCALERA, LLC**
MCS Plaza, 10th Floor
P.O. Box 364148

[1] These supplemental answers cover those interrogatories and requests identified in the Court's Order at Dkt. 83, p. 17: Interrogatory Nos. 11, 12, 13, 16, 17 and 18 and Requests for Production of Documents Nos. 11, 12, 13, 14, 21, 24, 25 and 29.

San Juan, P.R. 00936-4148
Carlos Rivera Ortiz, Esq.
riverac@reichardescalera.com
Crystal N. Acevedo, Esq.
cacevedo@reichardescalera.com

## I. GENERAL OBJECTIONS

1. Defendant objects to this Interrogatory/Request because it is overly broad and/or unduly burdensome.
2. Defendant objects to this Interrogatory/Request because it is unduly vague.
3. Defendant objects to this Interrogatory/Request because it is ambiguous.
4. Defendant objects to this Interrogatory/Request because the information requested is not relevant to the case.
5. Defendant objects to this Interrogatory/Request because it is repetitive.
6. Defendant objects to this Interrogatory/Request because it requests information that constitutes trade secret.
7. Defendant objects to the Instructions, Definitions, Interrogatories and Requests to the extent that they purport to impose burdens or obligations upon Defendant that are inconsistent with the Federal Rules of Civil Procedure. Defendant will construe the Instructions, Definitions, Interrogatories and Requests consistently with the Rules.
8. Defendant objects to the Instructions, Definitions, Interrogatories and Requests to the extent that they are vague, ambiguous, overly broad as to time and request of documents, unduly burdensome, confusing, or call for information that is neither relevant to the claims, defenses, or subject matter of, nor reasonably calculated to lead to the discovery of admissible evidence in this action.

9. Defendant objects to the Interrogatories/Requests to the extent that they: (i) call for Defendant to provide information or documents not in Defendant's possession, custody, or control; (ii) purport to require Defendant to provide information or documents that are publicly available, already in Plaintiffs' possession, custody, or control, or are otherwise available from sources other than Defendant to which Plaintiffs also have access; or (iii) call for information that is available from a more convenient, more efficient, less burdensome, or less expensive source than Defendant or through a more convenient, more efficient, less burdensome, or less expensive means than the Interrogatories/Requests.
10. Defendant reserves all rights to object to the use of any answers herein in any subsequent proceeding, including the trial of this or any other action. To the extent Defendant responds to each Request/Interrogatory, Defendant does not concede that the answer is relevant to this action, and Defendant preserves all objections as to authenticity, competency, relevancy, materiality, and admissibility of any documents or information referenced. Defendant expressly reserves the right to object to further discovery into the subject matter of any of the Requests/Interrogatories.
11. Defendant objects to the Interrogatories/Requests to the extent that they are argumentative, lack foundation, assume the existence of facts that do not exist or the occurrence of events that did not take place or incorporate allegations and assertions that are disputed or erroneous. In responding and objecting to the Interrogatories/Requests, Defendant does not admit the correctness of any such assertions.
12. Defendant objects to the Interrogatories/Requests to the extent that they seek an expert opinion and/or will be the subject of expert testimony that will be disclosed pursuant to the deadlines established by this Court and agreed to by the parties.

13. Irrespective of whether Defendant provides information in answer to the Interrogatories/Requests, Defendant further reserves the right (but does not assume the obligation) to: (i) revise, correct, supplement, or clarify the content of this Answer in accordance with the Federal Rules of Civil Procedure; (ii) provide additional responsive information; (iii) object to further discovery in the case; (iv) rely upon any information provided in the case, including, without limitation, in any hearing, proceeding or trial in this case; and (v) challenge the authenticity or admissibility of any information in any hearing, proceeding or trial.
14. Defendant's answers reflect only the current state of Defendant's knowledge and information regarding the information that Plaintiffs have requested. Further investigation may identify additional facts or information that could lead to additions to, changes in, or variations from, the Answers herein. Without in any way obligating itself to do so, Defendant expressly reserves the right to supplement, amend, correct, clarify or modify its Answers to the Interrogatories/Requests as further information becomes available.
15. Defendant objects to the Definitions as they intend to expand terms beyond a reasonable scope and/or their natural meaning. Defendant will interpret the Interrogatories/Requests reasonably and in good faith in accordance with common English usage as supplemented by its understanding of the common meanings of terms.

## II. OBJECTIONS TO THE INSTRUCTIONS AND DEFINITIONS

1. Without waiving any other objection or right, Defendant objects to the Instructions as they intend to expand terms beyond a reasonable scope and/or their natural meaning, and/or require the Defendant to provide information or documents not in Defendant's possession, custody, or control and it imposes a burden on Defendant to obtain information from third

parties outside of Defendant's control. These documents are publicly available, already in Plaintiffs' possession, custody, control, or are otherwise available from sources other than

Defendant, to which Plaintiffs also have access. The Instructions render each Interrogatory/Request unduly burdensome, would lead this party to incur in undue expense, and seek information that are neither relevant to the subject matter of the claims or defenses in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

2. Defendant objects to the definition of the terms **"you", "your"** and **"defendant"** as vague and ambiguous, overly broad, and unduly burdensome. Defendant further objects to the definition of this term on the grounds that it purports to include people and entities beyond the named parties that are irrelevant and outside the scope of the case, and on the grounds that it purports to impose a burden on Defendant to obtain information from third-parties outside of Defendant's control. Defendant interprets the term to mean Defendant, not including its affiliated entities, its attorneys and agents, and all persons acting on its behalf.
3. Defendant objects to the definition of the terms **"document"**, "**record**" or "**records**" on the grounds that such definition is overly broad and unduly burdensome. Specifically, and without limitation, Defendant objects to the various categories of "**document**", "**record**" or "**records**" listed in the definition insofar as they are not reasonably accessible documents maintained and accessed in the ordinary course of business.
4. Defendant objects to the definition of the term **"communications"** because it imposes requirements beyond what is required by the Federal Rules Civil Procedure, and applicable law. Defendant further objects to the term because it purports to seek privileged "communications" protected from production and disclosure.

5. Defendant objects to any Request seeking **"any"** and **"all"** documents on the grounds that it is overly broad and unduly burdensome. Defendant will respond to any Request seeking "all" documents by producing responsive documents, if any, that can be located after a reasonable search conducted in good faith.

6. Defendant objects to the definition of the terms **"regarding", "relate to"** and **"related to"**, on the grounds that construing these in the broadest sense and without limitation is contrary to Rule 34(b)(1)(A) of the Federal Rules Civil Procedure, Fed. R. Civ. P. 34(b)(1)(A). Said rule states that a Request "must describe with reasonable particularity each item or category of items to be produced." As such, each Request in which these terms are included is rendered overly broad and unduly burdensome. The objection also extends to the use of the terms "reflecting or referring to" in the requests.

7. Defendant objects to the definition of the term **"person"** on the grounds that such definition is overly broad and unduly burdensome.

8. Defendant objects to the definition of the terms **"computer", "application", "software", "hardware", "login credentials", "User Id**", and **"program"** on the grounds that such definitions are overly broad and unduly burdensome.

9. Defendant objects to the instruction to provide information and document from March 2011 to present date insofar as it is overly broad and unduly burdensome and encompasses irrelevant timeframes.

10. Defendant objects to the definition of the term **"identify"** as used in connection with the terms "documents" and "persons", on the grounds that such definition is overly broad and unduly burdensome.

## III. DEFINITIONS

A. The terms "Philips Medical Systems Puerto Rico, Inc." or "Philips PR"; "Philips Medical Systems Nederland B.V." or "Philips Nederland"; and "Philips India Limited" or "Philips India", and "Plaintiffs" refer to the plaintiffs in the above-captioned claim as well as their

related entities, agents and employees.

B. The terms "Alpha" and "Defendant" refer to Alpha Biomedical and Diagnostic Corp.

C. The term "complaint" includes any document, communication or procedure in which Plaintiffs express, mention, explain or describe Plaintiffs' claims or causes of action in their Amended Complaint at **Dkt. 9**.

Subject to, and without waiving any of the foregoing objections, Defendant responds as follows:

## A. ANSWERS TO INTERROGATORIES[2]

11. List all IST certificates you acquired to access Philips' systems, whether acquired from Philips or not, and for each IST certificate identify who the IST certificate was acquired from and how it was acquired

a. **Alpha's Answer: See pages 0088-0089 of Alpha's Production of Documents The two licenses that were acquired from Radiological Service Training Institute ("RSTI") were used to access CSIP Level 0 of X-Ray equipment. The numbers for these licenses will be supplied under the "Attorney Eyes Only" designation of Dkt. 65-1, because Plaintiffs would otherwise be able to**

[2] Capitalized terms not otherwise defined or identified herein shall have ascribed to them the definitions given to them in Plaintiffs' Amended Complaint (**Dkt. 9**), Alpha's Answers (**Dkt. 33**) and Alpha's Amended Counterclaim (**Dkt. 85).**

**deactivate their credentials to harm Alpha (See page 0090 of Alpha's Production of Documents). Of the licenses acquired from Imaging Technology, only two were activated, but were not used for MRI or CT Scan equipment.**

---

**These were never renewed. Therefore, Alpha does not know the license numbers. Alpha does not know the username or passwords for these keys.**

12. Identify any amounts paid for the IST certificates used by Alpha Biomedical and describe the transaction through which the IST certificate was acquired (including the date of the transaction).

**a. Alpha's Answer: See Answer to Interrogatory #11.**

13. Identify every person involved in the acquisition of the IST certificates acquired by Alpha Biomedical, and identify everyone you provided the IST certificate to.

**a. Alpha's Answer: Joel Solivan, Alpha's X-Ray Department supervisor, purchased the licenses acquired from RSTI on behalf of Alpha, as part of a training. Cruz Alberto Ruiz acquired the licenses from Imaging Technology on behalf of Alpha.**

16. State whether Alpha Biomedical, by and through any of its present and/or former officers, directors, managers, agents, employees or persons acting, or purporting to act, on its behalf, have ever utilized any type of credentials – e.g. username, password – pertaining or belonging to any current or former Philips' employees, including Radames Bracero, during his employment with Philips, while servicing Philips' systems.

**a. Alpha's Answer: Alpha gains access to Philips' systems using the information provided by Philips through their installation manuals (e.g. Level 0 access Intera & Achieva System Manual Installation), which is required to be delivered to any entity having Philips equipment installed in its facilities. See Dkts. 90-1, 90-2, 90-3 & 90-4.**

17. State whether Alpha Biomedical, by and through any of its present and/or former officers, directors, managers, agents, employees or persons acting, or purporting to act, on its behalf, have ever utilized the IST/PMSSec account 12345, while servicing Philips' systems.

a. **Alpha's Answer: Alpha nor its employees have ever utilized IST/PMSSec account 12345.**

18. Identify all persons with whom Alpha Biomedical and any of its present and/or former officers, directors, managers, agents, employees or persons acting, or purporting to act, on its behalf, have shared any software, hardware, login credentials, IST certificates, and/or application(s) for the repair and maintenance of Philips' systems.

a. **Alpha's Answer: Alpha, its managerial staff nor its technical personnel share software, hardware, login credentials, IST certifications to repair and maintain Philips' systems. Alpha uses the existing programs on the equipment, which are only accessible through the CSIP Level 0 on the service platforms.**

**I HEREBY DECLARE,** in Caguas, Puerto Rico, under penalty of perjury under 28 U.S.C. § 1746 that I have read the foregoing Answers to Interrogatories, and that the factual averments contained in them are true and correct to the best of my personal knowledge and information and based on the information provided by Alpha's records.

In San Juan, Puerto Rico, this 1st day of February 2021.

**Cruz Alberto Ruiz**
Alpha Biomedical and Diagnostic Corp.

## B. ANSWERS TO REQUESTS FOR DOCUMENTS

11. Produce a copy of all IST certificates you acquired to access Philips' systems, whether acquired from Philips or not.

a. **Alpha's Answer: See Answer to Interrogatory #11.**

12. Produce all documents containing or referring to IST certificates for accessing Philips' systems or information, whether the IST certificate was provided by Philips or not.

a. **Alpha's Answer: See Answer to Interrogatory #11.**

13. Produce all documents sufficient to identify how every IST certificate acquired by you was obtained, including who each IST certificate was acquired from, how it was acquired, the transaction to acquire the IST certificate, and every person involved in the acquisition of the IST certificate.

a. **Alpha's Answer: See Answer to Interrogatory #11.**

14. Please produce a native copy of every IST certificate acquired by defendant for accessing Philips' systems.

a. **Alpha's Answer: As far as Alpha is concerned, there is no way to extract native copies IST certificates. As Alpha understands the workings of IST, the IST certificate is downloaded from Philips' systems, and when a user connects to the system, Philips verifies their credentials. When the user uses the corresponding dongle, he or she is able to access CSIP Level 1, 2 or 3.**

21. Produce all documents that refer to or include any licenses granted to you by Philips or by any entity affiliated with Philips.

a. **Alpha's Answer: Though the request is ambiguous, Alpha attempts to answer to the best of its ability. IST is a type of license that has the ability to activate two forms of access to MRIs: a) Response generator, which is a code that allows access to CSIP levels above 0, that is levels 1, 2, 3., and b) the dongle, which is**

**a USB that allows access according to the CSIP level granted by Philips. Neither of these methods were used by Alpha Biomedical to access service platforms at MRIs. See Answer to Interrogatory #11 regarding the ISTs acquired by Alpha. Other objects that may be called licenses are codes that allow the software application to work. However, Alpha has no way of generating application licenses.**

24. Produce any and all scripts, commands, or files you have copied to, installed on, or otherwise utilized to access or use Philips' systems, or have provided to third parties to access or use Philips' systems, and all documents regarding such scripts, commands, or files.

a. **Alpha's Answer: Alpha has not copied, installed or otherwise used any scripts, commands, or files to access Philips' systems nor has it provided such information to third parties.**

25. Produce all documents referring to or describing any tools, methods, techniques, or devices that may be used to generate access credentials or certificates for accessing any Philips' systems.

a. **Alpha's Answer: See Answer to Interrogatory #16.**

29. Produce any document that includes a Philips issued IST activation code.

a. **Alpha's Answer: Alpha does not posses nor has contacted anyone to requests documentation on IST activations. Alpha does not possess documents regarding the issuing of service activation licenses or codes.**

**RESPECTFULLY SUBMITTED.**
In San Juan, Puerto Rico, on this 1st of February 2021.

**WE HEREBY CERTIFY**, that the original of the foregoing request has been furnished via email to Eric Pérez Ochoa, Esq. at epo@amgprlaw.com; Lourdes Arroyo Portela, Esq. at larroyo@amgprlaw.com and Alexandra Casellas Cabrera at acasellas@amgprlw.com.

**REICHARD & ESCALERA**
*Attorneys for Alpha*
MCS Plaza, 10th Floor
PO Box 364148
San Juan, PR 00936-4148
Tel. (787) 777-8888/Fax (787) 765-4225

/S/CARLOS R. RIVERA-ORTIZ
USDC-PR 303409
riverac@reichardescalera.com

/S/ CRYSTAL N. ACEVEDO-JIMÉNEZ
USDC-PR 306204
cacevedo@reichardescalera.com

**ATTORNEYS' EYES ONLY**

REDACTED